UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICKIE LEE HUNT,**

    **Plaintiff,**

v.

    Civil Action 2:11-cv-00653
    Judge Algenon L. Marbley
    Magistrate Judge E.A. Preston Deavers

**GARY MOHR,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's September 26, 2011 Report and Recommendation (ECF No. 22), as well as Plaintiff's Objections (ECF No. 25). The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Preliminary Injunction. (ECF No. 5.) Based on the Court's review, the Court **ADOPTS** the Report and Recommendation and **DENIES** Plaintiff's Motion for Preliminary Injunction.

**I.**

Plaintiff, a *pro se* prisoner, brings claims for injunctive relief against Defendants for deliberate indifference to his serious medical needs. First, Plaintiff maintains that Defendants improperly canceled his cataract-removal surgery. Second, Plaintiff contends that Defendants are interfering with and denying him the ability to receive medication for esophageal conditions.[1] Plaintiff moved for a preliminary injunction at the same time he filed his Complaint. Within his Motion, Plaintiff sought the same relief he requested in his Complaint. Defendants opposed Plaintiff's Motion for Preliminary Injunction, providing the Declaration of Polly Scmalz, a

---

[1] Plaintiff also emphasizes that Defendants are denying him consultations with a medical specialist for these issues.

Registered Nurse and HealthCare Administrator for Plaintiff's prison.

On September 26, 2011, the Magistrate Judge recommended denial of the Motion for Preliminary Injunction.[2] She found that Plaintiff failed to demonstrate a likelihood of success as to either of his claims. Additionally, the Magistrate Judge found that other factors relevant to the preliminary injunction analysis did not weigh in favor of granting Plaintiff's Motion. Plaintiff filed Objections to the Report and Recommendation on October 5, 2011. Plaintiff objects to the Magistrate Judge's Report and Recommendation on various grounds, and repeats many of the same arguments raised on initial briefing.

## II.

A Magistrate Judge may issue proposed findings and recommendations for disposition on a motion for injunctive relief. *See* 28 U.S.C. § 636(b)(1). When faced with objections to a Magistrate Judge's Report and Recommendation "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A preliminary injunction "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (internal quotations omitted).

---

[2] Within the Background section of the Report and Recommendation, the Magistrate Judge provided a more detailed account of the parties' positions as well as supporting allegations and evidence. (Report & Recommendation 1–4, ECF No. 22.) The Court adopts and incorporates the Magistrate Judge's Background section herein.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

### III.

Plaintiff contends that the Magistrate Judge committed various errors in recommending that the Court deny his Motion for Preliminary Injunction. The Court disagrees. Based upon its review of the record, the Court finds that Plaintiff has failed to carry his burden of establishing the necessity of a preliminary injunction.

As noted above, both of Plaintiff's claims in this case are for deliberate indifference to a serious medical need. "Such a claim has both a subjective and objective component." *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011). "The objective component requires the existence of a sufficiently serious medical need." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (internal quotations omitted). "The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care." *Id.* (internal quotations omitted). As the Magistrate Judge noted, the United States Court of Appeals for the Sixth Circuit has recently provided:

> In evaluating a deliberate indifference claim, "[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).

Here, the Court concludes that Plaintiff has not demonstrated a likelihood of success on the merits of either claim. The Court finds the Magistrate Judge's analysis persuasive and incorporates it into this Order and Opinion.  Contrary to the implications of Plaintiff's Objections, this case does not present a situation where Defendants have completely denied medical care.  Rather, based on the evidence the parties have presented, it appears that Plaintiff simply disagrees with the prison's medical providers as to the necessity of his cataract surgery and the proper treatment of his esophageal conditions.[3]  Additionally, the Court agrees with the Magistrate Judge that, it is not *per se* unconstitutional for Defendants to require Plaintiff to purchase a portion of his medication.  Ultimately, Plaintiff has failed to provide compelling evidence to demonstrate that Defendants' treatment decisions are so improper as to amount to deliberate indifference to his medical needs.

Plaintiff objects to the Magistrate Judge's determination of his chances of success as "premature."  Nevertheless, likelihood of success is a factor the Court must consider in determining whether to issue a preliminary injunction.  Plaintiff maintains that after discovery he will be successful on the merits of this claim.  Although this assertion may eventually prove true, it does not mean that Plaintiff is entitled to injunctive relief at this stage in the litigation.  If Plaintiff's action survives the currently pending Motion for Judgment on the Pleadings (ECF No. 29), he will receive adequate time to conduct discovery to obtain evidentiary support for his

---

[3] Plaintiff alleges that the Magistrate Judge ignored his request for specialty consultation. This does not appear to be the case, as the Magistrate Judge acknowledged that Plaintiff was seeking this relief. (*See* Report & Recommendation 3, ECF No. 22.)  Regardless, Plaintiff has not provided sufficient evidence to indicate that Defendants are being deliberately indifferent by refusing to provide a specialty consultation.

claims.

Additionally, the Court finds that the remaining factors relevant to its preliminary injunction consideration do not tip the scales in Plaintiff's favor.  The Court agrees with the Magistrate Judge's reasoning:

> Plaintiff has failed to show, beyond the merely speculative level, that he will suffer irreparable injury.  In moving for injunctive relief, Plaintiff relies primarily on his own opinion to contend that he is in immediate danger of losing vision in his right eye and to establish that his esophagus is deteriorating.  Furthermore, Plaintiff's citation to general textbook excerpts do little to demonstrate that Plaintiff himself is under a significant likelihood of danger.  In this case, medical professionals have indicated that Plaintiff's surgery is not currently necessary and that he is being provided proper medication for his esophagus issues.  Additionally, the evidence the parties have provided indicates that Plaintiff's condition is being routinely monitored.  Under these circumstances, Plaintiff's own speculation as to the likely extent of his injuries is insufficient.
>
> Finally, the Court finds that the other factors relevant to the preliminary injunction analysis do not shift the balance in Plaintiff's favor.  Plaintiff maintains that no harm will come to others if an injunction is issued and, in fact, such an injunction would be in the public interest.  Even assuming a lack of significant harm to others, with such a bare showing as to likelihood of success and irreparable harm, the undersigned is not convinced that second guessing the decisions of prison medical personnel would be in the public interest. *Hughes v. Lavender*, No. 2:10–cv–674, 2011 WL 1337155, at *4 (Apr. 6, 2011) (holding that removing the normal deference the Court gives to jail staff to make medical care decisions through a preliminary injunction, without a strong showing of threat of immediate injury, would not serve the public interest).  Additionally, the undersigned stresses that in seeking an injunction Plaintiff is not attempting to preserve the status quo, but is instead seeking extensive relief prior to an adjudication on the merits.

(Report & Recommendation 9–10, ECF No. 22.)

**IV.**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's Motion for Preliminary Injunction.  (ECF No. 5.)  To the extent that Plaintiff continues to seek appointment of counsel his request is **DENIED**.  (*See*

ECF No. 23.) The Court also finds a reply to Defendant's Answer unnecessary and also finds it unnecessary to strike any portion of Defendants' Answer. (*See id.*)

      **IT IS SO ORDERED.**

                                  s/Algenon L. Marbley  
                                  **ALGENON L. MARBLEY**  
                                  **UNITED STATES DISTRICT COURT**

**DATED:  February 3, 2012**