**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RICKIE LEE HUNT,**

              **Plaintiff,**

                                                    **Civil Action 2:11-cv-00653**
**v.**                                               **Judge Algenon L. Marbley**
                                                    **Magistrate Judge E.A. Preston Deavers**

**GARY MOHR,** *et al.***,**

              **Defendants.**

### REPORT AND RECOMMENDATION

This matter is before the Court on the Motion of Defendants for Judgment on the

Pleadings.  (ECF No. 29.)  For the reasons that follow, the undersigned **RECOMMENDS** that

the Court **GRANT IN PART** and **DENY IN PART** Defendants' Motion.

### I.  BACKGROUND

Plaintiff, a prisoner at the North Central Correctional Institution ("NCCI") proceeding

*pro se*, brings this action under 42 U.S.C. §1983 against Defendants Gary Mohr, Andrew Eddy,

Polly Schmalz, and Mona Parks.  Plaintiff specifically brings two claims against Defendants for

deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Plaintiff sues Defendants in their official capacities and seeks injunctive relief in the form of

Court ordered medical treatment.

In his first claim, Plaintiff maintains that Defendants' cancellation and continued denial

of surgery to remove his cataract constitutes deliberate indifference.  Plaintiff submits that on

April 8, 2011, an ophthalmologist at the Ohio State University Medical Center examined him

and recommended surgery to remove a dense cataract in his left eye.  Plaintiff elected to proceed

with the surgery.  According to Plaintiff, on April 26, 2011, NCCI physician Dr. Arthur Hale notified Plaintiff that the Ohio Department of Rehabilitation and Correction's ("ODRC") Collegial Review Committee ("Review Committee") canceled the surgery.  Plaintiff maintains that Dr. Hale also informed him that Dr. Brown, the institutional optometrist, would continue to monitor and treat Plaintiff's condition.

Plaintiff asserts that responses to his administrative complaints indicated that the ODRC Review Committee canceled Plaintiff's surgery after determining it was unnecessary.  Plaintiff indicates that Defendant Parks, a registered nurse and employee at ODRC, told him that the surgery was an elective procedure and not medically necessary.  Plaintiff also implies in his Complaint that Defendant Andrew Eddy, M.D., ODRC's Chief Medical Officer, agrees with the opinions of the Review Committee and Defendant Parks.  (*See* Compl. ¶ 18, ECF No. 4.)

Plaintiff maintains that on May 13, 2011 institutional optometrist Dr. Brown indicated that he was unable to provide care for Plaintiff's cataract condition due to the limited nature of his practice.[1]  Plaintiff asserts that Dr. Brown stated at this time that he would again request a specialist consultation.[2]  Furthermore, according to Plaintiff, Dr. Brown and other medical personnel at NCCI have informed Plaintiff that they cannot provide Plaintiff with adequate care for his cataract, the cataract is getting progressively worse, and surgical removal is necessary. (Compl. ¶ 19, ECF No. 4.)

Within his second claim, Plaintiff maintains Defendants are improperly denying and

---

[1]  Plaintiff emphasizes that ODRC optometry services are limited to glaucoma checks, glass and contact lens services, and referral to an ophthalmologist if necessary.  (Compl. ¶ 7, ECF No. 4.)

[2]  It appears from the Complaint that Plaintiff's April 8, 2011 ophthalmologist appointment was a result of Dr. Brown's previous consultation requests.

2

interfering with his ability to obtain medication for various esophageal issues.  Plaintiff appears to contend that Defendants have discontinued Protonix, a medication doctors previously prescribed Plaintiff for his esophagus conditions.  Additionally, Plaintiff asserts that Defendants are forcing him to purchase Pepcid AC, which Dr. Hale prescribed, from the prison commissary.  Plaintiff also indicates that prison physicians have prescribed Plaintiff Prilosec for his conditions.

Defendants maintain that both Plaintiff's causes of action fail to state claims for relief.  With regard to Plaintiff's first claim, Defendants maintain that while Plaintiff's cataract is an objectively serious medical condition, they have not ignored the issue.  Defendants contend that Plaintiff merely asserts a disagreement with his healthcare providers over the proper course of treatment.  As to the Plaintiff's second claim, Defendants contend that Plaintiff's claim concerning his esophagus medication is not a serious medical condition.  Defendants emphasize that Plaintiff does not claim that he is being denied all medication, only that he is not receiving the medication he prefers.

## II.  STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss.  *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

3

of action,' " is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  Additionally, the Court must construe *pro se* complaints liberally.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678.

### III.  ANALYSIS

As detailed above, both claims in this case rely on a theory of deliberate indifference to Plaintiff's serious medical needs.  Upon review, the undersigned concludes that Plaintiff states a facially plausible deliberate indifference claim regarding the cancellation, and ongoing denial, of his cataract removal surgery.  Plaintiff's second cause of action, however, concerning medication

4

for his esophageal conditions, fails to state a claim.

### A.     Deliberate Indifference to Serious Medical Needs

Courts apply a deliberate indifference standard in determining whether the conduct of prison officials towards a prisoner's medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Therefore, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

Deliberate indifference claims have both an objective and subjective requirement. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The objective component requires a plaintiff to show the medical condition is sufficiently serious. *Id.* "For obvious medical needs left completely untreated, the delay alone in providing medical care creates a substantial risk of serious harm." *Cobbs v. Pramstaller*, No. 10–2089, 2012 WL 1194999, at *5 (6th Cir. Apr. 10, 2012) (internal quotations omitted). Where, however, "a 'deliberate indifference claim is based on a prison's failure to treat a condition *adequately*' or on 'a determination by medical personnel that medical treatment was unnecessary,'" then a plaintiff must demonstrate a detrimental effect of the delay in the adequate or necessary treatment. *Id.* (emphasis in original) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F .3d 890, 897 (6th Cir. 2004)).

The subjective component requires a plaintiff to demonstrate that the prison officials had a sufficiently culpable state of mind. *Alspaugh*, 643 F.3d at 169. To satisfy this component, prison officials must be"['] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" *Blackmore*, 390 F.3d at 896 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Additionally, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs.,*

*Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010).

In reviewing a deliberate indifference claim, the Sixth Circuit has further held:

"[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169 (emphasis added); *see also Williams v. Kort*, 223 F. App'x 95, 100

(3rd Cir. 2007) ("We have found "deliberate indifference" where prison officials delay medical

treatment for non-medical reasons or continue a course of treatment they know is painful,

ineffective, or entails a substantial risk of serious harm."); *Jackson v. McIntosh*, 90 F.3d 330,

332 (9th Cir. 1996) (holding, in cases involving choices between alternative courses of

treatment, a plaintiff "must show that the court of treatment the doctors chose was medically

unacceptable under the circumstances . . . and . . . that [the doctors] chose this course in

conscious disregard of an excessive risk to [the] plaintiff's health").

**B.      Cancellation of Cataract Surgery**

Plaintiff maintains that the cancellation, and ongoing denial, of his cataract surgery

amounts to deliberate indifference to a serious medical need. Various federal courts have

addressed similar factual scenarios, reaching mixed results.

Some courts have held that denying cataract surgery does not constitute deliberate

indifference when the circumstances reveal that the surgeries are not medically necessary. *See,*

*e.g.*, *Espinosa v. Saladin*, No. 1:08-CV-736, 2009 WL 3102483, at *3 (W.D. Mich. Sept. 23,

2009) (holding that denial of cataract removal surgery did not constitute deliberate indifference

when circumstances demonstrated that even without surgery the plaintiff maintained acceptable

6

vision, and that surgery was not necessary); *Stevenson v. Pramstaller*, No. 07-cv-14040, 2009 WL 804748, at *5 (E.D. Mich. Mar. 24, 2009) (granting summary judgment where evidence showed that the defendants refused cataract surgery because the prisoner's eye condition was stable); *Phillips v. Lindamood*, No. 3:09-1187, 2009 WL 5205379, at *2 (M.D. Tenn. Dec. 23, 2009) (holding that a plaintiff failed to state a facially plausible claim where a prisoner admitted that the prison physician prescribed him eye glasses in lieu of cataract surgery).

At least one federal court, however, has held that denial of a surgery may result in deliberate indifference when the alternative course of treatment is medically unacceptable. *See, e.g.*, *White v. Snider*, No. 3:08-CV-252, 2010 WL 331742 at *5–6 (D. Nev. Jan. 26, 2010) (denying summary judgment where medical professionals disagreed over the necessity of cataract removal and the plaintiff lost vision in his left eye); *cf. also Gonzalez v. Feinerman*, 663 F.3d 311, 314–15 (7th Cir. 2011) (holding that prisoner stated a deliberate indifference claim by adequately alleging that prison doctors had persisted in ineffective treatment of his hernia, rather than allowing for surgery, despite the fact that his condition and pain continued to worsen over time).

Accepting Plaintiff's pleadings as true, the Court can reasonably infer that he states a claim for deliberate indifference to his serious medical needs. With regard to the objective component, Defendants concede that Plaintiff's cataract constitutes a serious medical condition. Furthermore, the Sixth Circuit has recently found that delay of a cataract surgery may constitute a denial of a serious medical need**.** *Cobbs v. Pramstaller*, No. 10–2089, 2012 WL 1194999, at *5 (6th Cir. Apr. 10, 2012) (holding that medical evidence demonstrated a detrimental effect

from delay in cataract surgery).[3]  Here, Plaintiff pleads facts indicating that his eye condition is worsening due to the denial of cataract surgery.

Plaintiff also satisfies the subjective component at the pleading stage.  Defendants stress that they have not denied Plaintiff treatment, as the ODRC Review Committee has provided for further monitoring of Plaintiff's cataract.  Plaintiff, however, provides sufficient factual detail for the Court to infer that the decision to cancel Plaintiff's surgery, and the ongoing denial of this surgery, is medically unacceptable and that ODRC medical personnel were aware of, and consciously disregarded, risks to Plaintiff's health.  Specifically, in April 2011, an ophthalmologist recommended surgery to remove Plaintiff's cataract.  According to Plaintiff, Dr. Brown, the institutional optometrist responsible for monitoring Plaintiff's condition, stated that he is unable to provide any care for Plaintiff's cataract and that surgical removal is necessary. Plaintiff's pleadings also indicate that Dr. Brown renewed his request for an ophthalmologist consultation in May 2011, shortly after the Review Committee cancelled Plaintiff's surgery, because Plaintiff's condition was worsening.  Finally, Plaintiff indicates that NCCI healthcare providers agree that Plaintiff's cataract is worsening and that surgery is necessary.

Although it is unclear from the Complaint exactly what has occurred since Dr. Brown's May 2011 examination, Plaintiff commenced this lawsuit on July 14, 2011, implying that the ODRC is still denying him cataract removal surgery despite the alleged opinions of Dr. Brown and NCCI medical personnel.  Defendants may ultimately be correct that the decision to deny

---

[3]  In *Cobbs*, the Court considered whether a four-year delay in cataract surgery constituted deliberate indifference.  *See* 2012 WL 1194999, at *1.  The Sixth Circuit ultimately held that summary judgment was appropriate because the prisoner failed to provide evidence that the defendant was aware of the risk at issue.  *Id.* at *6–9.  The undersigned notes that unlike the prisoner in *Cobbs*, Plaintiff in this case sues Defendants only in their official capacity for injunctive relief.

Plaintiff cataract medical surgery falls within the bounds of an allowable medical judgment. Given the circumstances, however, the Court may not make this determination on the pleadings.

**C.     Failure to Provide Medication**

Plaintiff also attempts to state a deliberate indifference claim for interference with obtaining his esophagus medication.[4]  On this cause of action, however, Plaintiff fails to state a facially plausible claim.

As detailed above, the Court is generally reluctant to second guess medical judgments and will do so only when treatment is woefully inadequate. *Alspaugh*, 643 F.3d at 169.  Moreover, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Here, even assuming Plaintiff's esophagus conditions meet the objective component of a deliberate indifference claim, the second claim amounts to nothing more than a disagreement between Plaintiff and prison medical personnel over medication.  Prison officials have not ignored Plaintiff's esophagus conditions.  Rather, from the Complaint it appears that Plaintiff has received a prescription for Prilosec, and may purchase Pepcid AC, for these issues.  Plaintiff is upset that the prison administration has discontinued Protonix, a medication doctors previously prescribed him.  Denial of Plaintiff's preferred medication, without more, does not constitute

---

[4]  Originally, it seemed from the Complaint that Plaintiff was challenging the constitutionality of the ODRC policy of charging non-indigent inmates for the purchase of medicine available in the prison commissary.  Within his briefing, however, Plaintiff appears to deny bringing any such claim.  (*See* Resp. Opp'n 4, ECF No. 32.)  Regardless, for the reasons described in the undersigned's September 26, 2011 Order and Report and Recommendation, requiring a prisoner, who can afford to do so, to pay for over the counter medication is not deliberate indifference to a prisoner's serious medical needs.  (Order & Report & Recommendation 8, ECF No. 22.)

deliberate indifference.  Unlike Plaintiff's cataract claim, the Court has no grounds for inferring that the medical treatment for Plaintiff's esophageal conditions has been woefully inadequate under the circumstances.

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT IN PART** and **DENY IN PART** the Motion of Defendants for Judgment on the Pleadings.  (ECF No. 29.) The undersigned specifically **RECOMMENDS** that the Court allow Plaintiff to proceed on his claim involving denial of surgery and **DISMISS** Plaintiff's claim for interference with medication.

On December 29, 2011, the Court stayed discovery in this case until resolution of Defendants' Motion for Judgment on the Pleadings.  Following the Court's ultimate resolution of Defendants' Motion, and if appropriate, the Court will lift the discovery stay, set a discovery and dispositive motion schedule, and set a briefing schedule for Plaintiff's pending Motion to Compel Discovery. (ECF No. 27.)

## V.  NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling");  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  May 1, 2012                                                    /s/ *Elizabeth A. Preston Deavers*
                                                                          Elizabeth A. Preston Deavers
                                                                          United States Magistrate Judge

11